CHIASSON, Judge.
Plaintiff, Anthony A. Bordelon, appeals a judgment denying his claim for medical *475 benefits under a group insurance policy issued by the defendant, Metropolitan Life Insurance Company. Defendant has neither appealed nor filed an answer to this appeal.
The insurance policy was issued to Borde-lon as an employee of Singer Sewing Machine Company. Bordelon filed suit under Section C of the Extended Coverage provisions of the policy seeking to recover medical expenses incurred on May 5, 1976, as a result of surgery for a recurrent right inguinal hernia.
Section C provides:
“If at the date of cessation of the insurance on account of the Employee or on account of a Dependent, the Employee or Dependent is then under the care of a physician or surgeon for treatment of an injury or a sickness, the Insurance Company shall pay benefits as if the insurance on the Employee or on the Dependent, as the case may be, had continued in force, provided that
(a) no benefits shall be paid on account of any Covered Medical Expenses incurred after the date three months following the date of cessation of insurance or after the date of recovery from the injury or sickness for which the Employee or Dependent was being treated at the date of cessation of insurance, whichever first occurs, . . ”
Section E provides:
“The insurance referred to herein shall automatically cease on whichever of the following dates first occurs:
(1) The date of termination of the Employee’s employment . . . ”
According to the stipulations of the parties, Bordelon had been an employee of the Singer Sewing Machine Company for a period of twenty-two years until February 7, 1976, at which time his employment was terminated. According to medical reports attached to the stipulation, Dr. S. J. Desho-tels of Opelousas performed a bilateral repair on Bordelon in 1963. Bordelon was seen by Dr. Deshotels in 1964, 1965, on six separate occasions in 1966, and again on April 14, 1976. Dr. Deshotels reported that during each of these visits the patient was examined and found to have a recurrent right inguinal hernia and that he was advised to have it corrected surgically. Bor-delon was also seen by Dr. Fritz LaCour of Lake Charles between February, 1971 and February, 1976, who treated him for several other minor problems, which were unrelated to the hernia. On February 25, 1976, he was admitted to St. Patrick Hospital for treatment of an enzyme deficiency, and, during the course of his examination on this occasion, it was discovered by Dr. LaCour that plaintiff had a prominent right inguinal hernia. Dr. LaCour then consulted with Dr. Jack Welsh who was of the opinion that the abnormality should be reduced surgically as soon as his other problems were corrected.
Thereafter, on May 5, 1976, the surgical repair of the hernia was performed and plaintiff incurred medical expenses in the amount of $1,236.75 for which he seeks reimbursement from the defendant.
Plaintiff contends that the trial court erred in concluding that he was not entitled to recover under Section C of the insurance policy. He asserts that the surgery of May 5, 1976, was “treatment” prior to cessation of the insurance, and therefore the policy’s coverage includes the operation and medical expenses in connection therewith. A reading of Section E, however, readily reveals that coverage automatically ceases on the date of termination of the employee’s employment. Consequently, for the employee to continue to receive benefits as provided under Section C he must have been receiving “treatment” at the time of cessation of the insurance, that is, on the date that his employment was terminated.
As pointed out by the trial court, the courts have granted the broadest possible application to what constitutes “treatment” including “all steps taken to effect a cure of the injury or disease” such as examination and diagnosis as well as application of remedies. Baque v. Pan-American Life Insurance Company, 313 So.2d 293 (La.App. *476 3rd Cir. 1975). Where it appears that a patient is having his condition monitored by occasional examination and/or consultation, although no surgery is performed, this would constitute a “steps taken to effect a cure of the injury or disease.” However, in the instant case, the policy under consideration requires that the insured be “ . under the care of a physician or surgeon for treatment . . . ” “ . . . at the date of cessation of the insurance . . ” The date of cessation of the insurance was on February 7, 1976, coincident with the termination of employment. Since Mr. Bordelon’s last examination relating to the inguinal hernia was in 1966, some ten years prior to the date of cessation of the insurance, it cannot be said that he was being “treated” for the hernia as of February 7, 1976.
For the above reasons, the judgment of the trial court dismissing plaintiff’s suit at his costs is affirmed.
AFFIRMED.